Lauren M. LUCAS, Plaintiff,
v.
CITY OF JUNEAU, a municipal corporation; and Sears, Roebuck and Company, a foreign corporation, Defendants.
No. 7174–A.

District Court, Alaska
First Division, Anchorage.
Feb. 1, 1955.

William L. Paul, Jr., Seattle, Wash., and John S. Mansuy, Jr., Juneau, Alaska, for plaintiff.

H. D. Stabler, Juneau, Alaska, for defendant City of Juneau.

R. E. Robertson (or Robertson, Monagle & Eastaugh), Juneau, Alaska, for defendant Sears, Roebuck & Co.

FOLTA, District Judge.

The plaintiff seeks damages in the amount of $90,000 for personal injuries sustained as the result of the alleged negligence of the defendants. It appears that while in the order office of Sears, Roebuck & Co., at Juneau, as an invitee, he stepped on a round pencil on the floor, which, rolling under his weight, caused him to fall and injure his back. After confinement in the local hospital for some time it was decided that he should enter the Veterans' Hospital at Seattle for further treatment.

Pursuant to this decision he commenced his journey to the airport in the defendant city's ambulance, 18 days after the injury. En route the driver was seized with an epileptic fit, according to plaintiff's brief, as a result of which the ambulance went out of control and off the highway, the plaintiff was thrown to the floor of the ambulance, and his original injury aggravated.

Alleging that the extent of the injury caused by each of these acts of alleged negligence is indeterminable, plaintiff has joined the defendants in this action. His claim is based on the allegation that Sears, Roebuck & Co., hereinafter called Sears, was negligent in allowing the pencil to remain on the floor, and that the city was negligent in employing an epileptic driver. The defendants have countered with motions to dismiss for misjoinder.

Two interrelated questions are presented—1, whether Sears may be held liable for both injuries, and, 2, whether the parties may be joined under Rule 20(a), Fed.Rules Civ.Proc. 28 U.S.C.A.

The plaintiff contends that the defendants are joint tort-feasors and hence may be joined under either of two well-established rules of law. Under one, both defendants would be jointly and severally liable for the full amount of damages and, under the other, only Sears would be liable for the full amount and the city to the extent of its liability only. The first rule is set forth in 38 Am.Jur. 946, Sec. 257, and the second, in 15 Am.Jur. 495, Sec. 85.

■ Considering the question of joinder with respect to these rules of substantive law, it would appear that there can be no doubt that if the first rule applies, the defendants may be treated as true joint tort-feasors and may be joined in the same action, whereas if the second rule applies, then Sears would be liable for the full amount and the city, as well as Sears, would be liable for the aggravation. Restatement Torts 446–448, Sec. 879, ill. 3. Assuming that Rule 20 is applicable, the city and Sears would be severally liable for the aggra-

vation, while the questions of fact which would be common to the two causes of action would be those arising out of the wreck of the ambulance. The question of joinder, therefore, turns on the applicability of one or the other of these rules. Examination of the cases cited to the statement of the first rule in 38 Am.Jur. 946–948, Sec. 257, discloses that its applicability is limited to situations where consecutive or concurrent acts of negligence unite to produce a single injury, rather than to those in which there are two separate injuries. Gulf, C. & S. F. R. Co. v. Cities Service Co., D. C., 273 F. 946, 950; Phillips Petroleum Co. v. Hardee, 5 Cir., 189 F.2d 205; cf. Gibson v. Bodley, 156 Kan. 338, 133 P.2d 112.

■ In the instant case the negligent acts of the defendants did not set in motion forces which united to produce a single injury but did produce two successive and separate injuries to the plaintiff's back. If the rule were applied both defendants would be jointly and severally liable for the total damage. One line of authorities holds that in factual situations like that in the case at bar, the defendant causing the injury is liable only for the aggravation attributable to him and not for the damages arising from the original injury. Parchefsky v. Kroll Bros., 267 N.Y. 410, 196 N.E. 308, 310, 98 A.L.R. 1387. I am inclined to the view that these authorities are controlling and conclude, therefore, that the defendants are not joint tort-feasors, and that the first rule, urged by the plaintiff, is inapplicable.

■ Remaining for determination is the question whether the facts of the instant case bring it within the ambit of the second rule holding the original wrongdoer liable for the aggravation caused by negligent medical treatment, a discussion of which appears in 8 A.L. R. 506; 39 A.L.R. 1268; 126 A.L.R. 913. Under this rule liability is based not upon the foreseeability of the physician's negligence but upon considerations of social policy, Restatement, Torts, 1215, Sec. 457 Com. (b). The rule is

732

but a specific application of the general tort law that an intervening force which could reasonably have been foreseen, or which is a normal incident of the risk created, will not suffice to relieve the defendant of liability. Prosser on Torts, 352, Sec. 49.

At this juncture it becomes pertinent to inquire into what a normal incident of a created risk is. Undoubtedly anything connected with the treatment of the injury would be such an incident. But it seems equally clear that any intentional harm inflicted by the hospital staff or a fellow patient is not within such risk. Restatement, Torts, 1216, Sec. 457, comments (d) and (e). As a matter of principle there would seem to be no material distinction between medical treatment required because of the tortious act, and transportation required to reach an institution where such medical treatment is available. The use of an ambulance, therefore, like the use of a surgeon's scalpel, is necessitated by the defendant's wrong. And either may be used negligently. Incidentally, the advice to proceed to Seattle or elsewhere for further medical attention is rather commonplace in Alaska.

I conclude, therefore, that the risk which must be borne by the original wrongdoer includes not only negligent medical treatment but also negligent transportation of the plaintiff to a place where treatment of the kind indicated by the nature of the injury may be obtained. A corollary of this conclusion is that the first tort-feasor is in no position to avoid liability for an aggravation sustained by the plaintiff in taking one of the steps necessary to obtain further treatment.

Turning to the question of joinder, it seems clear that Sears is liable for the aggravation, as is, of course, the city. Plaintiff may assert against them severally a right to relief, and the facts and circumstances of the aggravation will present questions of fact common to both causes of action arising out of a single occurrence. Hence the defendants may be joined under Rule 20, F.R.Civ. P. It follows, therefore, that the motion of the city upon grounds 1–4, and the motion of Sears on grounds 1–3, should be denied. I am also of the opinion that the motion to make more definite and certain should be denied and the defendants remitted to the discovery procedure. It should be pointed out, however, that liability in this instance is based on the premise that the trip to Seattle was necessary so that the plaintiff might avail himself of facilities, skill and knowledge adequate to deal with the injury inflicted. Should it develop that the trip was not prompted by such considerations, a motion for severance will be in order.

Decision of the question of the validity of the claim of the husband on behalf of the wife for loss of consortium is reserved for further argument.