**Harry GORDON, Plaintiff,**

v.

**Thomas MANZELLA, d/b/a American Cab Company**
and
**Judy Reinecker, Defendants.**

**Civ. A. No. 16388–3.**

United States District Court
W. D. Missouri, W. D.

June 20, 1967.

R. S. McKenzie and Keith K. Couch, of McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo., for plaintiff.

John C. Russell, Kansas City, Mo., for defendant Thomas Manzella.

Edward W. Mullen, of Deacy & Deacy, Kansas City, Mo., for defendant Judy Reinecker.

## ORDER REMANDING ACTION TO STATE COURT

BECKER, Chief Judge.

This is a civil action for damages brought by a Missouri citizen against two individual defendants. One defendant (Thomas Manzella, d/b/a American Cab Company) is a Missouri citizen. The other defendant (Judy Reinecker) is a citizen of Kansas. This action originated on the filing in the Circuit Court of Jackson County, Missouri, of a petition for damages growing out of an automobile collision. Only Manzella was named as defendant in the original petition.

Thereafter, an amended petition was filed in the Jackson County Court against both defendants herein adding Judy Reinecker as a defendant. In the amended petition the plaintiff sought recovery from defendant Manzella alleging Manzella's negligence in driving an automobile into the rear of·an automobile driven by plaintiff on July 2, 1965. In the amended petition plaintiff also sought recovery from defendant Reinecker alleging negligence of defendant Reinecker in driving an automobile into the rear of an automoile driven by plaintiff on May 17, 1966. The amended petition charged that the plaintiff sustained serious injuries in the first collision which were greatly aggravated by the second collision.

(Incidentally it is alleged by plaintiff that plaintiff suffered injury in a third and earlier rear end collision on January 9, 1965. The claim arising out of the third collision has been settled according to plaintiff's allegations.)

Defendant Reinecker filed a petition for removal on the ground of diversity of citizenship. In Paragraph 6 of the removal petition defendant Reinecker states:

"Plaintiff's claim and cause of action against your petitioner constitutes a suit of a civil nature of which the District Courts of the United States have original jurisdiction; plaintiff's First Amended Petition for Damages

shows upon its face that plaintiff is suing the two defendants therein for entirely separate and independent claims and causes of action within the meaning of Title 28 U.S.C.A., Section 1441(c)."

Defendant Reinecker has separately moved to dismiss this action or, in the alternative, for a separate trial. Defendant Manzella has filed a separate motion to remand the cause to the state court or, in the alternative, for a separate trial.

It is obvious that diversity of citizenship between the opposing parties does not exist unless the claims of plaintiff against the two defendants are separate and independent claims for relief. See Section 1441(c) of Title 28, U.S.C., which provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The decisive question then is whether a claim against one defendant who has inflicted personal injury upon the plaintiff and a claim against a different defendant who, through subsequent conduct, has re-injured or aggravated the original injuries constitute "separate and independent claims * * *." Since this question is presented in a case removable only as a diversity case, the manner in which the state court would process the case is important.

It may be argued as a general proposition of logic that the injuring and aggravation of original injuries of a plaintiff by successive acts of different defendants at different times is unlike so-called concurrent negligence where two forces put in motion at the same time, or closely related times, by different defendants produce in a single occurrence injuries to the plaintiff. In the latter situation, defendants are said to be joint tort-feasors and may be joined in a single action (in Missouri under Missouri Rule 52.05(a) V.A.M.R. and in the federal courts under Federal Rule 20(a)) resulting in joint and several liability of the defendants. From this it could be concluded that in a successive tort situation such as the one presented here, defendants would *not* be considered joint tort-feasors in that the first would be liable for the full amount of damages, i. e., from the initial injury and from any injury connected with and foreseeably or negligently resulting from any treatment thereof; and that the second tort-feasor would be liable in a separate and independent action only for the damages due to re-injury or aggravation of the initial injury. However, for the purposes of Missouri Rule 52.05(a) and Federal Rule 20(a) the Courts have not so held.

For example, in Lucas v. City of Juneau (D.C.Alaska, 1955) 127 F.Supp. 730, 15 Alaska 413, plaintiff injured his back when he slipped on a pencil on the floor of a department store. While being driven from a local hospital to a different one for further treatment, the driver of the city ambulance was seized with an epileptic fit, as a result of which the ambulance went out of control and off the highway, the plaintiff was thrown to the floor of the ambulance, and his original injury aggravated. The department store and the city, being joined as defendants, moved to dismiss for misjoinder. The court concluded that the original tort-feasor was liable for the aggravation of the injuries received in the second accident, and it and the city were properly joined under Federal Rule 20(a) as defendants, since the "facts and circumstances of the aggravation [would] present questions of fact common to both causes of action arising out of a single occurrence." 127 F.Supp. at 732. The *Lucas* case was expressly followed in a recent Missouri case involving similar facts: State ex rel. Smith v. Weinstein, (St.L.Ct.App., 1965) 398 S.W.2d 41. See also McNeil v. American Export Lines, Inc.,

(E.D.Pa., 1958) 166 F.Supp. 427. These and other pertinent decisions are reviewed in an unreported "Memorandum and Order Amending Order of Remand", by this Court en banc in O'Donnell v. Parrack and Edlund (W.D.Mo., 1966) Civil Action No. 15363–2, the text of which appears as appendix hereto.

Other decisions indicate that in both this (the successive) and the concurrent negligence situations, the claims for relief are not "separate and independent." The leading decision is American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) which held that:

"* * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540, 95 L.Ed. at 708–709.

See also Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). These cases have established that one "important purpose [of § 1441(c)] was to limit removal from state courts" and that "the meaning and effect of 28 U.S.C. § 1441(c) 28 U.S.C.A. § 1441(c) should be carried out in light of the congressional intention." American Fire and Casualty Co. v. Finn, supra, 341 U.S. at 9 and 10, 71 S.Ct. at 538, 95 L.Ed. at 706 and 707. See also Young Spring & Wire Corp. v. American Guarantee & Liability Ins. Co. (W.D.Mo., 1963), 220 F.Supp. 222.

■ On page 2 of his "Suggestions in Opposition to Separate Motion Of Defendant Judy Reinecker to Dismiss, or For Separate Trial", the plaintiff herein asserts:

"* * * The plaintiff is one of those unfortunate individuals who happened to have been in the right place where he had a right to be but at the wrong time on three separate occasions. He has had a resulting injury to his cervical area and spine which has been exposed to trauma upon trauma and created a condition which has been aggravated and worsened or certainly at the least complicated by the successive incidents. These series of occurrences have most certainly created a question of fact common to all of them * *."

Assuming the truth of the allegations of the plaintiff, which is the proper approach in resolving such questions as are presented here, this case falls well within the decisions discussed above and within the scope of the following reported Missouri cases which involve successive injury and re-injury to the same part of the claimant's body: Berryman v. Peoples Motorbus Co. of St. Louis, (St.L.Ct.App., 1932) 228 Mo.App. 1032, 54 S.W.2d 747 (certiorari quashed sub nomine State ex rel. St. Louis Public Service v. Becker, (1933), 334 Mo. 115, 66 S.W.2d 141); Levins v. Vigne, (1936) 339 Mo. 660, 98 S.W.2d 737. See also State ex rel. Smith v. Weinstein, supra.

■ The record therefore demonstrates, for the purposes of a decision on the motions for dismissal, remand or separate trial, that defendants are successive joint tortfeasors and that plaintiff's claims for relief against these defendants are not "separate and independent" within the meaning of § 1441(c) of Title 28, U.S.C. It is therefore

Ordered that this cause as removed by defendant Reinecker's petition for removal filed March 9, 1967, be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri.

### APPENDIX

### MEMORANDUM AND ORDER AMENDING ORDER OF REMAND

The entry of our order of December 8, 1965 and the reaching of this case for trial prompted us, on our own motion, to make further examination of our jurisdiction of this removed case.

We are now convinced that plaintiff's State court petition did not allege a separate and independent cause of action against defendant Edlund, within the

meaning of Section 1441(c), Title 28, United States Code. Accordingly, our order of February 24, 1965 overruling plaintiff's motion to remand the entire case should be and is hereby set aside.

Plaintiff's State court petition alleged that plaintiff was injured "as a direct and proximate result of the combined negligent acts of [both] the defendants and each of them." Plaintiff prayed for a single recovery against both defendants.

Numerous Missouri cases sustain plaintiff's right to recover damages for the concurrent or successive negligence of two separate defendants if plaintiff can prove that such negligence combined to cause his injury. Those cases establish that in such cases plaintiff may recover against either or both defendants and that neither can interpose a defense that the prior or concurrent negligence of the other contributed to the injury. See for examples, Floun v. Birger, St.L.Ct.App.1927, 296 S.W. 203 at 204; Berryman v. Peoples Motorbus Co. of St. Louis, St.L.Ct.App.1932, 228 Mo.App. 1032, 54 S.W.2d 747 at 749 (certiorari quashed *sub nomine* State ex rel. St. Louis Public Service v. Becker, (1933) 334 Mo. 115, 66 S.W.2d 141); Levins v. Vigne, 1936, 339 Mo. 660, 98 S.W.2d 737 at 741; Matthews v. Mound City Cab Co., St.L.Ct.App.1947, 205 S.W.2d 243 at 249; and Sisk v. Driggers, K.C.Ct.App.1962, 364 S.W.2d 76 at 79.

American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534 (1951), established that one "important purpose [of § 1441(c)] was to limit removal from state courts" and that "the meaning and effect of 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c) should be carried out in light of the congressional intention" (341 U.S. at 9–10, 71 S.Ct. at 538). That case recognized that "[a] separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action" and that "where there is a single wrong to plaintiff, for which relief is sought, arising from an inter-locked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)" (341 U.S. 11 and 14, 71 S.Ct. at 539).

This District, since Judge Ridge's decision in Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., W.D.Mo.1949, 82 F.Supp. 635, has consistently recognized that "no right of removal can possibly exist * * * [where] recovery of damages [is sought] for a single injury which is the proximate result of separate and independent acts of negligence, of two or more parties, * * * even in the absence of community of design or concert of action." See for examples, Young Spring & Wire Corp. v. American Guarantee & L. Ins. Co., W.D.Mo.1963, 220 F.Supp. 222; Gustaveson Inc. v. Graybar Electric Co., W.D.Mo.1963, 222 F.Supp. 473; and Viles v. Sharp and Brosnahan, W.D.Mo.1965, 248 F.Supp. 271. The latter case involved a factual situation not dissimilar from that involved in this case.

An application of the rules of decision of the cited cases requires that our order of December 8, 1965 be amended to include the remand of the entire case. Accordingly, it is

Ordered that this case as removed by defendant Edlund's petition for removal filed January 28, 1965 be, and it is hereby remanded to the Circuit Court of Jackson County, Missouri, at Independence.

WILLIAM H. BECKER

Chief Judge William H. Becker

JOHN W. OLIVER

John W. Oliver, District Judge

WILLIAM R. COLLINSON

William R. Collinson, District Judge

ELMO B. HUNTER

Elmo B. Hunter, District Judge

Kansas City, Missouri
February 8, 1966