Laurence JARVIK, an infant, by his father and natural guardian, Murray Jarvik and Murray Jarvik, Plaintiffs,

v.

MAGIC MOUNTAIN CORPORATION, Defendant.

No. 68 Civ. 395.

United States District Court
S. D. New York.
Sept. 25, 1968.

First & First, New York City, for plaintiffs; Lee B. First, New York City, of counsel.

Thomas J. Walsh, Garden City, N. Y., for defendant; Thomas Grimes, New York City, of counsel.

## OPINION

McLEAN, District Judge.

This motion by defendant to dismiss this action for lack of jurisdiction again raises the question considered by Judge Croake in Podolsky v. Devinney, 281 F. Supp. 488 (S.D.N.Y.1968) of the constitutionality of the New York attachment rule announced in Seider v. Roth, 17 N.Y. 2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966) and reaffirmed in Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967).

The action was begun in the Supreme Court, Bronx County, and was removed by defendant to this court on the ground of diversity of citizenship. It seeks recovery for personal injuries allegedly sustained by the infant plaintiff, Laurence Jarvik, on a ski chair lift operated by defendant in Londonderry, Vermont. Laurence's father, plaintiff Murray Jarvik, sues for medical expenses and loss of services.

The Jarviks are New York residents. Defendant is a Vermont corporation which does not do business in New York. Hartford Accident & Indemnity Insurance Company, a Connecticut insurance company, issued in Vermont a policy of liability insurance to defendant. Hart-

ford Accident does business in New York. Prior to the removal of the action, the Supreme Court, Bronx County, issued an order of attachment against the property of defendant. This was served upon Hartford Accident in New York. Under the *Seider* rule, this service conferred jurisdiction quasi in rem over defendant's property in New York, the "property" consisting of the insurance company's obligation under its Vermont policy to defend the suit and indemnify defendant against liability up to the face amount of the policy.

I agree with the criticism of the *Seider* rule voiced by Judge Breitel in *Simpson* (278 N.Y.S.2d at 640, 234 N.E. 2d at 674). To my mind the rule is unsound in theory and unfair in operation. It is, however, the law of New York and in this diversity case it is the duty of this court to apply the New York law unless it is unconstitutional.

In *Podolsky*, Judge Croake held that the New York rule is unconstitutional. In that case the rule was attacked, not only by the nonresident defendant, but also by the insurance company in its own right. Judge Croake considered the predicament in which both found themselves as a result of this doctrine, a dilemma which is particularly unjust in the case of the insurance company (see 281 F.Supp. at 499). As to the insured, Judge Croake emphasized the problem arising from what had been supposed to be the New York rule (see CPLR § 320(c)) that a defendant who appears in the action to defend his attached "property" thereby confers upon the court complete jurisdiction over his person, with the resulting risk of a personal judgment in excess of the face amount of the insurance policy (see 281 F.Supp. at 498).

In the present action, only the nonresident defendant, not the insurance company as such, attacks the constitutionality of the rule. Moreover, after Judge Croake's decision, the New York Court of Appeals appears to have changed the law of New York as to the effect of an appearance. In an opinion, 21 N.Y.2d

990, 290 N.Y.S.2d 914, 916, 238 N.E.2d 319, denying a motion for reargument in *Simpson*, the Court of Appeals said:

> "This, it is hardly necessary to add, means that there may not be any recovery against the defendant in this sort of case in an amount greater than the face value of such insurance policy *even though he proceeds with the defense on the merits*. Consideration of CPLR 320[c] and its effect in other types of action begun by attachment must, of course, await future cases." (Emphasis supplied.)

In my opinion this change in the New York law changes the result on this motion. The nonresident defendant no longer runs the risk of a personal judgment against him by appearing in the New York action. Viewing the question solely from his point of view rather than from the point of view of the insurance company, as we must on this motion, it is hard to see how he is deprived of property by defending the New York action.

In *Simpson*, the New York Court of Appeals upheld the constitutionality of the *Seider* rule. Even Judge Breitel, despite his strong views on the unsoundness and unwisdom of the rule, was not persuaded that it violated due process. I cannot say that this New York decision on the constitutional point is so clearly wrong as to justify this court in refusing to follow it in a diversity case. Accordingly, defendant's motion to dismiss for lack of jurisdiction is denied.

Defendant also moves under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Vermont. The relevant factors are as follows.

The accident happened in Vermont. The ski tow which was the scene of the accident is located there. Defendant and all its witnesses reside there. Plaintiff Laurence Jarvik received hospital treatment in Vermont and the medical records of that treatment are to be found there.

On the other hand, plaintiffs are New York residents. It is said that Laurence received medical and hospital treatment in New York. The nature of this treatment and the identity of those who provided it is not specified, beyond the fact that Laurence's parents, one of whom is also a plaintiff here, are physicians.

Plaintiffs' attorney says that it will be an "undue hardship" upon Laurence to require him to "travel to a distant state for his day in court." This argument does not impress me. Vermont is not very distant from New York. There is no claim that Laurence's physical condition makes it dangerous for him to make the journey.

Defendant says that if this action is transferred to Vermont, defendant will appear generally in the action. This is an important factor, for obviously such an appearance will be of benefit to plaintiffs.

After weighing all the factors, I conclude that those in favor of transfer preponderate. This is essentially a Vermont case. It was possible to bring it in New York only because of the coincidence that defendant's insurance company has an office here. Moreover, this is not a situation in which a New York resident, while temporarily passing through Vermont on his way home, is injured in, say, an auto accident. Here plaintiffs deliberately went to Vermont for the purpose of using defendant's equipment which is permanently installed there. Under these circumstances, it is not unreasonable to require that their claim arising out of the use of that equipment be prosecuted in Vermont.

In the interest of justice, defendant's motion to transfer this action to Vermont is granted, on condition that defendant appear generally in the action once it has been transferred.

Defendant's third motion, i. e., to strike the note of issue or to extend defendant's time to object to it, is rendered moot by the decision to transfer the action and accordingly, is denied on that ground.

Settle order on notice.