**Sally LADSON, as Administratrix of the goods, chattels and credits of Marvin Langston, deceased, and Sally Ladson, Plaintiffs,**

v.

**Jane D. KIBBLE and Kenneth Kibble, Defendants.**

**No. 68 Civ. 4018.**

United States District Court
S. D. New York.

Dec. 9, 1969.

Coleman & Carlo, by Louis G. Carlo, New York City, for plaintiffs.

McLaughlin, Fiscella & Biancheri, by John J. Biancheri, New York City, for defendants.

CANNELLA, District Judge.

The defendants have moved for an order pursuant to 28 U.S.C. § 1404(a) transferring this case from this district to the Northern District of Indiana. Plaintiffs moved for an order pursuant to 28 U.S.C. § 1447(c) remanding this case to the Supreme Court of New York, Westchester County. Defendants' motion for a transfer is granted, and plaintiffs' motion for remand is denied.

This case presents a unique factual situation stemming from the fact that New York law allows attachment of a liability insurance policy. Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966). Plaintiff Ladson was granted limited Letters of Administration for the estate of Marvin C. Langston, her son, on March 1, 1967 in Westchester County. On September 12, 1968, the Supreme Court of New York, Westchester County issued an order of attachment pursuant to CPLR § 6201 to attach the defendants' insurance policy and its contractual obligation to defend and indemnify the defendants. This policy was issued to defendants by Traveler's Indemnity Company. The sheriff levied upon this property on September 19, 1968, and a summons and complaint was served on September 20, 1968, all in accordance with New York law. Thereafter, defendants filed a petition on October 11, 1968 for removal to this court pursuant to 28 U.S.C. § 1441. They invoked this court's jurisdiction on the grounds of diversity of citizenship under 28 U.S.C. § 1332. Defendants also filed a bond at that time pursuant to 28 U.S.C. § 1446(d). Defend-

ants filed their answer to the complaint on November 14, 1968.

Plaintiffs allege in their complaint that the decedent, Marvin Langston, was injured and subsequently died as the result of an automobile accident in Valparaiso, Indiana, occurring on February 2, 1967 and caused by the negligence of the defendants. At that time, the decedent was a student at Midwestern College in Iowa and was en route to attend or participate in a basketball game in Allendale, Michigan. The decedent was riding as a passenger in a car driven by one Robert Schneck, a resident of New Jersey and also a student at Midwestern. The car had apparently been leased en route from an Illinois firm, Coffman Brothers Rental and Leasing Corp., and had Illinois license plates. The defendants are Indiana residents, and their car is registered and insured there by "Traveler's". Defendants contend that there was a third car involved in either the same accident or another one occurring immediately thereafter. That car is owned by an Indiana taxi company, American Taxi Service, and was driven by an Indiana resident, one Alfred Bowman, who, defendants contend, will be a material witness as to the accident(s).

The parents of the decedent are apparently divorced or separated. While the action of the mother was pending, the father also instituted a suit against the defendants. The father, a resident of New Jersey, through his Indiana attorneys had one Duane W. Hartman appointed administrator for the purposes of a wrongful death action only. Letters of Administration were issued to this effect by the Clerk of the Circuit Court, Porter County, Indiana, on May 26, 1967.[1] Subsequently, a complaint was filed against the defendants in the United States District Court, Northern District of Indiana, Civil No. 69 H 5.

A further complication is that plaintiff Ladson has commenced another action by way of a *Seider* attachment against Coffman Brothers Rental and Leasing Corp. and Robert B. Schneck in the Supreme Court of New York, Westchester County, Index No. 408/1969. This was done through an order signed on January 14, 1969 authorizing the attachment of an insurance policy issued by Royal-Globe Insurance Co.[2]

Since the plaintiffs have moved to remand, they have put in issue the removal of this action from the Supreme Court of New York to this court. It is thus necessary for this court to ascertain whether a proper removal was made pursuant to 28 U.S.C. § 1441 before it addresses itself to the defendants' motion for transfer.

Section 1441(a) of Title 28 United States Code states in part:

[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Initially, plaintiffs contend that this action is one *in rem* against the insurance policy and its contractual obligations and is therefore not removable, since only *in personam* actions are removable under Section 1441. This argument is without merit. The statute does not state that only *in personam* actions are removable; rather it speaks in terms of "any civil action." This language, especially if construed in conjunction with Section 1450 which, in effect, transfers a state court attachment to the federal court to which the action is

---

1. This is prior to the commencement of the action herein, but two months after the issuance of plaintiff Ladson's Letters in Westchester.

2. This action is not strictly germane to the present case at bar, although plaintiff contends that if a remand is granted, she will consolidate the two. It is merely mentioned by the court to show the complexity of the litigation to date.

removed, makes it clear that an *in rem* or *quasi in rem* proceeding may be removed to the federal district court providing a federal jurisdictional base is present. The Second Circuit has specifically held that Seider-based actions are by definition removable to the federal courts. Minichiello v. Rosenburg, 410 F.2d 106, 119 (2d Cir. 1969). See also Jarvik v. Magic Mountain Corp., 290 F.Supp. 998 (S.D.N.Y.1968); Siegel, Seider v. Roth: U. S. Courts Faced with Special Problems, 161 N.Y.Law J., March 10, 1969, at p. 1, col. 4 [hereinafter "Siegel"].

■ Plaintiffs next contend that there is no diversity of citizenship here since plaintiffs are New York residents[3] and the property attached, the res, is situated in New York. This argument also has no merit. Although plaintiffs have attached the insurance policy and its contractual obligations here in New York, this was done solely to acquire *quasi in rem* jurisdiction over the defendants. In truth, the plaintiffs are suing the defendants, residents of Indiana, and the *Seider* attachment is merely a conduit for jurisdictional purposes. In stating this, this court is not unmindful of the fact that the ostensible outcome or purpose of the Seider line of cases may be to provide, in effect, a direct action against the insurance companies. See Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E. 2d 669 (1967); Minichiello v. Rosenburg, supra. Therefore, this court finds

that diversity of citizenship exists. See also 28 U.S.C. § 1332(c).

■ Plaintiffs next attack the removal on the grounds that since any judgment awarded would be necessarily limited to the face amount of the policy,[4] which plaintiffs contend is $10,000, there is not the requisite amount in controversy for federal jurisdiction under 28 U.S.C. § 1332.[5] The defendants have made no concession regarding the policy limits,[6] and the limit of the policy is not known to the court. However, the plaintiffs' complaint contains an ad damnum clause for $75,000. Although recovery may be limited to the face amount of the policy, an unknown in this case, the actual amount in controversy here is $75,000, and thus the jurisdictional requirements of 28 U.S.C. § 1332 have been met. This construction —where the amount claimed and not the face amount of the policy is the amount in controversy for purposes of Section 1332, in a removal situation— is sanctioned by the Second Circuit in its opinion *en banc* in *Minichiello*.[7] 410 F.2d at 119 n. 4. See Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Therefore, the action herein was properly removed from the Supreme Court of New York, Westchester County to this court, providing that defendants complied with the procedure for removal set out in 28 U.S.C. § 1446. Defendants have complied with that section's provisions. They have removed the action

---

3. Plaintiffs' complaint alleges the domicile of Sally Ladson as being New York. However, it does not set forth the domicile of the deceased. In view of the separation or divorce of the parents, it is not clear to this court which parent had custody. This is especially true in view of the fact that they have both brought actions. Thus, in the alternative the deceased is a domiciliary of New York, the mother's domicile, or New Jersey, the father's domicile. In either case, diversity of citizenship exists.

4. See Simpson v. Loehmann, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968).

5. See plaintiffs' Affidavit in Support of their Motion, pp. 9–10.

6. See defendants' Affidavit in Opposition, pp. 3–4.

7. See Siegel, 161 N.Y.Law J., March 11, 1969, at p. 1, col. 4 for another theory involving the addition of the costs to defend to the obligation to indemnify for the face amount of the policy in order to obtain the requisite amount in controversy when a common 10–20–5 policy is involved.

timely, and they have posted a bond as required by the section.

■ Plaintiffs' final argument is that a remand should be granted, even if the case were properly removed, because they have another action pending in state court against the operator of the car in which plaintiff was a passenger and the rental agency. This action is also based upon a *Seider* attachment. Plaintiffs contend that both of these actions should be tried together and that if a remand is granted, they will move to consolidate the cases. The court notes the fact that this second action was commenced more than three months after the action herein was removed; that defendants' motion for transfer was originally returnable on December 17, 1968, but that it was continually adjourned by the parties so that it did not come on to be heard by this court until March 4, 1969; that plaintiffs did not seek an order of attachment in the second action until January 14, 1969; and that plaintiffs did not make their motion for a remand until January 23, 1969, which motion was also adjourned to March 4, 1969. Nevertheless, plaintiffs contend that it would be in the interests of justice for this court to remand this case. This argument is unpersuasive. If plaintiffs' intent was to have the two cases tried together, they could have applied to this court for a writ of attachment. See Farrell v. Piedmont Aviation, Inc., 295 F.Supp. 228 (S.D.N.Y.1968). Such an application could have been made under Rules 4(e) and 64 of the Federal Rules of Civil Procedure, and the New York attachment laws and procedure flowing from *Seider* would have been applied. Instead, plaintiffs chose to commence the second action in state court. Since at the time of commencement of the second action, this action had already been removed to this court, they cannot now be heard to complain about the course they have followed. This court will not allow the plaintiffs to commence a second action and then plead it in an attempt to oust this court from jurisdiction.

Accordingly, the plaintiffs' motion to remand is denied.

■■ Since this action was properly removed to this court, it becomes necessary to consider the defendants' motion for a change of venue to the Northern District of Indiana. Defendants move for such a change in venue on the basis that it would be in the interests of justice and for the convenience of witnesses.

Section 1404(a) of Title 28 United States Code states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A transfer of a *Seider* action can be made under this section, and such a transfer lies within the sound discretion of the District Judge. See Minichiello v. Rosenburg, 410 F.2d at 119; Farrell v. Piedmont Aviation, Inc., supra; Jarvik v. Magic Mountain Corp., supra. However, a transfer can only be made to a district "where [the action] might have been brought [in the first instance]." As examined previously, this action is between citizens of New York[8] and citizens of Indiana, and thus there is diversity of citizenship. It also involves an amount in controversy exceeding $10,000. Jurisdictional grounds therefore exist. 28 U.S.C. § 1332. The venue of this diversity action could have been originally laid in the Northern District of Indiana. All the defendants reside there, and, additionally, the automobile accident or claim arose there. 28 U.S.C. § 1391(a). Furthermore, the defendants would have been amenable to service there under the Federal Rules of Civil Procedure which control in this motion for change of venue. See Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Farrell v. Wyatt, 408 F.2d 662 (2d Cir. 1969).

8. See n. 3, supra.

In establishing that it is in the interests of justice and the convenience of the witnesses that the action be transferred to Indiana, the defendants, by their attorney's affidavit in support of the motion, point out several highly material considerations. First, the accident occurred in Indiana, and defendants are residents there. Plaintiff is only the administrator here in New York and undoubtedly can shed little light upon the facts surrounding the accident. Second, the defendants point out that a number of material witnesses are located in Indiana who will testify, and defendants have outlined to this court the nature of their testimony. These witnesses are: 1) Alfred Bowman, the driver of the third car involved in the accident; 2) David S. Kinne, the driver of another car present at the accident scene, but not involved, who took photographs of the scene of the accident; 3) the State Trooper, Carl Freeman, who investigated the accident and also took some photographs; and 4) Leonard Wetmore, the coroner of Valparaiso, Indiana, who pronounced the death of the decedent, who was present at the scene of the accident and apparently held an inquest into the cause of death. Third, Robert B. Schneck, the driver of the car in which decedent was a passenger, although a resident of New Jersey, still attends college at Midwestern in Iowa. Fourth, Indiana concededly has a prime interest in what occurs on its highways.[9] And fifth, there is another action pending in the Northern District of Indiana, brought by the deceased's father, also seeking damages for wrongful death and loss of services.[10]

Plaintiffs in their opposition to the transfer motion do not refute the defendants' points regarding the place of the accident or the list of witnesses. Rather, they only contend that they have not completed their investigations and thus do not know if there are additional witnesses or not. However, even if they are able to ascertain the identity of more witnesses, it is hard to imagine that they would not be located in Indiana. Plaintiffs contend that all of these witnesses' testimony could be taken by deposition and submitted to the court here in that form. This argument overlooks the fact that it is usually advantageous to the trier of fact to observe the demeanor of the witnesses. This can only be done effectively if the witnesses are present in the courtroom since it is exceedingly difficult to determine reliability of a witness from the cold sheets of paper of a deposition.

■ Plaintiffs also contend that this court can only order a change in venue of an *in personam* action and not one *in rem* or *quasi in rem*. This argument, as applied to this action, is without merit. Although this court may not order the transfer of a strictly *in rem* action, Hughes v. S. S. Santa Irene, 209 F.Supp. 440 (S.D.N.Y.1962), because it would not be one that "might have been brought" in the transferee district, it can order a transfer if such an *in rem* action is joined by an *in personam* one, Continental Grain Co. v. Federal Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). This court may also transfer a *quasi in rem* action, like the one here, based upon Seider v. Roth. See Minichiello v. Rosenburg, supra; Farrell v. Wyatt, supra; Jarvik v. Magic Mountain Corp., supra.

The fact that there is another action against the defendants pending in the Northern District of Indiana, in combination with the other factors listed, suggests even more compellingly that the action should be transferred to that District. It is needless duplication to have two district judges concerned with the same case. See Farrell v. Piedmont Aviation, Inc., supra. Furthermore, since recovery under a wrongful death statute is sought here by two distinct parties, it

9. Relative to this argument, see Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954).

10. A copy of the complaint was annexed as an Exhibit in defendants' attorney's Affidavit in Opposition to plaintiffs' motion for remand.

would be advantageous for one judge to determine who is the proper party to seek such redress.

The parties have argued at length in their memoranda and affidavits the various choices of law which may be made in this case. Those questions are for the trial judge to determine and need not enter into this court's opinion.[11]

It is therefore clear to this court that, in the interests of justice and for the convenience of the witnesses and parties, this action should be transferred under 28 U.S.C. § 1404(a) to the Northern District of Indiana.

The motion of the defendants is granted. This action is transferred to the United States District Court for the Northern District of Indiana. The Clerk of the Court is directed to forward all papers to the Clerk of the Court at Hammond, Indiana.

The motion of the plaintiffs for a remand to the state court is denied.

So ordered.

---

11. See Van Dusen v. Barrack, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Farrell v. Wyatt, 408 F.2d 662, 666 (2d Cir. 1969).