[No. 33975. Department Two. March 7, 1958.]

D. P. SIDERIS *et al.*, *Appellants*, v. NORTHWEST BONDED ESCROWS, INC., *et al.*, *Respondents.*[1]

*Koenigsberg & Roberts*, for appellants.

*Dodd & Russell* and *Elton B. Jones*, for respondents.

[1] Reported in 322 P. (2d) 349.

FINLEY, J.—Mr. and Mrs. Sideris commenced this action against Northwest Bonded Escrows, Inc. (hereinafter referred to as Escrow), and Seattle Investment Co., Inc. (hereinafter referred to as Investment). Elmer Tazuma and his wife were made additional parties defendant by motion of the original defendants.

The following summary of the facts is sufficient to pose the issues involved in this case.

The Tazumas leased a hotel building and operated the Benton Hotel therein. Desiring to sell it, they gave an exclusive listing agreement to Investment. Investment advertised the hotel, representing that the owner showed a net profit of nine hundred dollars per month. After some negotiations, Mr. and Mrs. Sideris (hereinafter called appellants) entered into an earnest-money agreement to buy the Benton (personal property and good will); subsequently, they and the Tazumas entered into an escrow agreement, with Escrow as the holder. The purchase was subject to the condition that a satisfactory lease be obtained for the appellants from the owner of the hotel building. Under an oral agreement between the Tazumas and appellants, the latter entered into possession and operated the hotel prior to obtaining the aforementioned lease. Before a month had passed, and before the building owner gave a lease to the appellants, it became obvious to appellants that the hotel would not net nine hundred dollars a month. Within the month after entering into possession of the hotel, the appellants gave notice that they intended to rescind, because (1) the monthly net income of the hotel had been fraudulently misrepresented, and (2) the lease from the owner of the building had not been obtained for them within a reasonable time.

The Tazumas did not desire litigation and were willing to negotiate. They and the appellants worked out an agreement of rescission which provided, among other things, that the latter would receive the balance of the purchase money still in the hands of Escrow. Prior to this time, a real-estate commission had been paid to Investment by Escrow out of

the funds being held by Escrow. Pursuant to the rescission agreement, the balance of the funds held by Escrow were released to the appellants. In the rescission agreement, the appellants reserved their right to proceed against Investment for the return of the commission. They demanded its return from both Escrow and Investment. When their demands were refused, they commenced this action.

After trial to the court, judgment was entered dismissing the action. Plaintiffs have appealed.

Appellants' claim against Investment is apparently threefold: (1) as subrogee or assignee of the Tazumas' right to collect damages from Investment for unauthorized fraudulent misrepresentations; (2) in their own right for fraudulent misrepresentations as to the income of the hotel which were made to them by Investment; (3) as assignee of the Tazumas' right to a return of unearned commissions.

The trial court found that appellants knew Investment was acting solely as agent for the Tazumas, and that any information given or any representations made to appellants by Investment originated with the Tazumas. The evidence does not preponderate against that finding. This disposes of (1) above, since the representations were found to be authorized.

■ The foregoing, coupled with the rescission agreement, disposes of appellants' independent tort claim. If the representations were authorized, then, at best, the Tazumas and Investment are joint tort feasors, and a release of one joint tort feasor operates as a release of all joint tort feasors. *Pinkham Lbr. Co. v. Woodland State Bank* (1930), 156 Wash. 117, 286 Pac. 95.

■ As assignee of the Tazumas' right to return of the commission, appellants can stand in no better position than their assignor. Appellants did not allege, nor did they prove, that the commission was unearned. If the commission was earned, neither the Tazumas nor their assignees had a right to have it returned.

■ Appellants' cause of action against Escrow is based on an alleged breach of the escrow agreement. It is appel-

lants' contention that Escrow delivered the commission to Investment before the Tazumas had rendered full performance—and that Escrow thereby violated the escrow agreement. Assuming these allegations to be true, Escrow would be liable only for the damage which resulted from its violation of the escrow agreement. *Kirby v. Woolbert* (1955), 48 Wn. (2d) 141, 291 P. (2d) 666; *Rowland v. First State Bank* (1926), 121 Kan. 51, 245 Pac. 740. Appellants' only claim of damage relates to the twelve hundred dollar commission paid to Investment. Since the appellants have failed to establish a right to a return of that twelve hundred dollar commission, they have failed to allege and prove any damages.

It is the opinion of the writer that this case presents an excellent example of the practical utility of the pretrial procedure set out in Rule on Pleading, Practice and Procedure 16, 34A Wn. (2d) 80. The issues in the case could have been sharpened considerably, and, in all probability, the trial substantially shortened.

The appellants having failed to establish their case, the judgment of the trial court was correct and should be affirmed. It is so ordered.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.