Fuld, J.
Upon this appeal from a dismissal of the complaint in an action against a physician for malpractice, we are called upon to decide whether a general release given by the plaintiff to the wrongdoer who caused her initial injuries also releases the physician who negligently treated those injuries.
. Struck by a taxicab in April of 1958, the plaintiff suffered a fracture of the femur. She was taken to a hospital and three *103 days later was operated on by the defendant doctor. In December, 1958, while still under the doctor’s care and in reliance upon his assurances and representations that the fracture had healed and that she was on her way to a good recovery, she settled her claim against the cab driver. She received $8,000 and executed a general release in his favor.[1]
Sometime later, according to the plaintiff, she learned that the doctor’s representations and assurances had been false and that he had been guilty, both before and after the execution of the release, of negligence and malpractice which resulted in a permanent shortening of her leg. The present action for damages in the amount of $75,000 followed. The defendant, urging that he was entitled to the benefit of the release given to the cab driver, moved for summary judgment dismissing the complaint. That motion was denied at Special Term, but the Appellate Division reversed and ordered the complaint dismissed. Citing the decision in Milks v. McIver (264 N. Y. 267), the Appellate Division apparently regarded the release to the taxicab driver as an absolute bar to any claim against the doctor under the so-called “ joint tort-feasor doctrine ”.[2]
We must at the outset reject the plaintiff’s attempt to avoid the effect of the release by reliance upon the alternative theory of a breach by the defendant of an “ agreement ” to operate on and treat plaintiff with ‘ ‘ due care ’ ’. The cause of action alleged must be regarded for present purposes as sounding solely in tort, since “ The nature and origin of the liability asserted is * * * a liability for damages caused by negligence.” (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 303; see Rapp v. Myers, 291 N. Y. 709.)
It is settled that a wrongdoer is liable for all of the proximate results of his own tortious act, including (in a case such as the present) the aggravation of the original injury caused by the negligence of the physician. (See Milks v. McIver, 264 N. Y. *104 267, 270, supra; see, also, Matter of Meachem v. New York Cent. R. R. Co., 8 N Y 2d 293, 298; Prosser, Torts [2d ed., 1955], § 45, p. 230.) And, since a general release to the original wrongdoer would include the element of such aggravation of the injury, it is urged that such a release must be deemed to embrace any claim for the same element of damage against the negligent physician as well. Otherwise, the argument runs, the injured person would receive double satisfaction for a single injury.
The ancient common-law rule barred recovery against one joint tort-feasor if another had been released from liability. (See Walsh v. New York Cent. & H. R. R. R. Co., 204 N. Y. 58, 63; 1 Cooley, Torts [4th ed., 1932], § 83, p. 264; Note, 73 A. L. B. 2d 403, 413.) With the gloss later placed upon it that the bar-is not available to the tort-feasor against whom rights had been reserved (see, e.g., Lucio v. Curran, 2 N Y 2d 157, 162; Gilbert v. Finch, 173 N. Y. 455, 466), the rule has survived to this day in many jurisdictions despite strong attacks upon it by modern commentators. (See, e.g., Prosser, Torts [2d ed., 1955], § 46, pp. 243-246; 1 Harper and James, Torts [1956], § 10.1, pp. 711-714; 2 Williston, Contracts [3d ed., 1957], § 338A, pp. 722-725; 4 Corbin, Contracts [1951], § 931; Wigmore, Belease to One Joint-Tortfeasor, 17 Ill. L. Bev. 563; Havighurst, Settlements and Co-Obligors, 45 Corn. L. Q. 1.) Thus, Dean Wigmore has denounced the doctrine as a “surviving relic of the Cokian period of metaphysics ” (17 Ill. L. Bev. 563), Dean Prosser has criticized it as “ at best an antiquated survival of an arbitrary common law procedural concept ” (Torts, p. 244) and Mr. Justice Butledge, speaking for the Court of Appeals for the District of Columbia, observed that “ The rule’s results are incongruous. More often than otherwise they are unjust and unintended. Wrongdoers who do not make or share in making reparation are discharged, while one willing to right the wrong and no more guilty bears the whole loss. * * * Many, not knowing this, accept less only tó find later they have walked into a trap. The rule shortchanges the claimant or overcharges the person who settles, as the recurring volume and pattern of litigation show. Finally, it is anomalous in legal theory, giving tort-feasors an advantage wholly inconsistent with the nature of their liability. ” *105 (McKenna v. Austin, 134 F. 2d 659, 662; see, also, Breen v. Peck, 28 N. J. 351, 356-357.)[3]
That the release of one tort-feasor must necessarily release all other tort-feasors who are jointly liable for the injury can hardly be regarded as an inexorable principle when its consequences may be avoided by the simple expedient of a reservation, in the release of rights against the others. The ancient rule, on the contrary, rests upon two grounds: the first, that the injury resulting from the joint action of the wrongdoers is a single injury and constitutes basis for a single cause of action (see Duck v. Mayeu, [1892] 2 Q. B. 511; see, also, Havighurst, Settlements and Co-Obligors, 45 Corn. L. Q. 1, 6); the second, that it must be presumed that a settlement with one of the joint tortfeasors represents a full satisfaction of the entire claim and that any further recovery would involve double compensation for the same injury. (See Cocke v. Jennor, Hob. 66 [1614]; see, also, Havighurst, loe. cit., 45 Corn. L. Q. 1, 4.) Whatever validity these reasons may have in the case of true joint tort-feasors, neither is persuasive where the tort-feasors did not combine to produce the wrong but only share a common element of liability.
As to the first asserted basis for the rule, it is obvious that the taxicab driver and the doctor, having neither acted in concert nor contributed concurrently to the same wrong, are not joint tort-feasors. (See Matter of Parchefsky v. Kroll Bros., 267 N. Y. 410, 413-414.) Their wrongs were independent and successive, rather than joint, and, this being so, the plaintiff had not one but two separate and distinct causes of action, one against the cab driver for the negligent operation of his vehicle and the other against the doctor for his alleged malpractice in treating the fracture which the plaintiff sustained in the automobile accident. It is true that the driver could have been held liable for the aggravation of the injury caused by the doctor’s negligence but, as pointed out above, that liability is not the result of any concept of joint wrongs *106 but is rather the product of the familiar rule that a wrongdoer is responsible for the reasonably foreseeable consequences of his tortious act, including the negligent conduct of others. Conversely, it would defy reason to hold the physician liable for injuries caused by the original wrongdoer which were not the consequences of his own carelessness, and no one suggests that a release of the doctor would completely discharge the original wrongdoer.
Nor does the second asserted reason for the release doctrine —the presumption of full satisfaction — make any sense in the context of this case. Irrebuttable presumptions have their place in the law but only where public policy demands that inquiry cease. Where the cause of action is single and the liability of one wrongdoer is identical with that of the other, there may be warrant for erecting such a barrier to suit after settlement. However, where, as here, neither of these elements is present, there is no basis or justification for preventing the plaintiff, by an artificial rule of law, from recovering the full compensation to which she would otherwise be entitled for her injuries.
Since, therefore, neither the joint tort-feasor doctrine nor the reasons underlying it are here applicable, we may not say, as a matter of law, that the release executed by the plaintiff bars the present action. In the light of our analysis, the question for resolution, and it is to be decided as an issue of fact upon a trial, is whether the plaintiff’s settlement with the taxicab driver did actually constitute satisfaction of all damages caused by his wrong or was intended as such. If it did, or was so intended, no claim remained against the doctor. But, if it did not reflect full satisfaction, and was not so regarded — and the burden of proving this essential fact rests upon the plaintiff — the release will not prevent recovery against the doctor. Our conclusion is firmly supported not only by considerations of reason and basic fairness but also by well-considered cases in other jurisdictions. (See Ash v. Mortensen, 24 Cal. 2d 654; Wheat v. Carter, 79 N. H. 150; Daily v. Somberg, 28 N. J. 372; see, also, Couillard v. Charles T. Miller Hosp., 253 Minn. 418, 427.)
Although, there is language in Milks v. McIver (264 N. Y. 267, supra) which may point to a different conclusion, nothing we there decided precludes the result reached here. The facts in the Milks case, as detailed by the court at Special Term (147 *107 Misc. 297, 299), demonstrated that at the time the release was given to the original wrongdoer the injured child “ had already-suffered from the alleged malpractice ”, that all of the elements of damage, including aggravation of the initial injury, were fully-known to the parties and that “ the settlement was clearly made with a view to covering all these elements of damage ”. The decision that the release discharged not only the original wrongdoer but defendant doctor as well must be viewed against the background of these facts. In the course of its opinion, the court observed that ‘6 satisfaction by the original wrongdoer of all damages caused by his wrong bars action against the negligent physician who aggravated the damage. The law does not permit a double satisfaction for a single injury ”. (264 N. Y., at p. 270; italics supplied. See, also, Matter of Parchefsky v. Kroll Bros., 267 N. Y. 410, 414, supra.) This emphasis on the element of “satisfaction * * * of all damages” plainly suggests that the court did not lay down an absolute rule of law or hold that the same result was to be reached where the facts, as here asserted, point in the opposite direction and indicate that the parties to the release could neither have taken into account damages attributable to the doctor’s negligence nor have intended the amount paid in settlement as full satisfaction. The issues presented, impossible of disposition by the court as matter of law upon motion, must be resolved by the trier of the facts upon trial.
The judgment of the Appellate Division should be reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.

, The attorney who represented her at the time avers that he advised the plaintiff to sign the release solely on the basis of the defendant’s statements both to him and to the plaintiff as to her condition and the prognosis.

, The court did, however, suggest the availability of another action predicated on the plaintiff’s assertion that she had executed the release to the cab driver on the basis of the defendant’s misrepresentations concerning her condition and her prospects for recovery.

. And, as to the avoidance of the rule by express reservation, Prosser has commented that “ The requirement that an express reservation of rights against other tortfeasors be inserted in the release itself seems unfortunate when releases frequently are given by plaintiffs ignorant of the law and without legal advice ” (Torts, p. 246).