F. A. GOSSE et al., Appellants, v. SWEDISH HOSPITAL,
Respondent.

Schweppe, Doolittle, Krug & Tausend, Alfred J. Schweppe,
and Thomas R. Beierle, for appellants.

Williams, Lanza, Kastner & Gibbs, Daniel E. Tolfree, and
Don T. Mohlman, for respondent.

UTTER, J.—Florence Gosse appeals from an order of the
trial court granting a motion for summary judgment dis-
missing her lawsuit against Swedish Hospital.

Mrs. Gosse suffered a broken hip when she slipped and
fell in an apartment building owned by the Henbart Com-
pany. She was taken to Swedish Hospital where the frac-
ture was surgically repaired. During her recuperation in
the hospital from the surgery on her hip, Mrs. Gosse devel-
oped a severe "bed sore" infection. About 2 months after

her fall, with the hip fracture healing properly, but while still suffering from the "bed sore," Mrs. Gosse was discharged. The "bed sore" failed to properly respond to treatment, and she reentered Swedish Hospital approximately 6 weeks later for surgery on the infection.

Mrs. Gosse contends the motion for summary judgment should not have been granted, inasmuch as from the face of the record there exists a question of fact as to whether she intended to release Swedish Hospital for damages caused by the "bed sore" at the time she released the Jacobs, the apartment managers, and the Henbart Company, who shall hereinafter be referred to as the sole defendants. She further contends that a question of fact is presented by their allegation that the "bed sore" was a separate injury caused by an independent act of negligence and, if these facts are established, the release executed in a suit against the parties, whose negligence resulted in the fall, does not operate to discharge the liability of the hospital.

We hold the language of the release, the amount of the settlement compared to the medical expenses, and the circumstances surrounding the filing of the release raise a question of the intent of the parties that cannot be resolved by summary judgment proceedings.

Mrs. Gosse and her husband filed two lawsuits relating to the above incidents. The first was against the Henbart Company, as owners of the apartment building where the fall occurred. Recovery was sought therein for all damages proximately caused by the fall, including the "bed sore." The second suit, filed a day later, was against Swedish Hospital. Its prayer for recovery was limited to expenses and damages incurred as a result of the "bed sore" infection.

Before either of the lawsuits were brought to trial, Mr. and Mrs. Gosse executed a "Settlement and Release" dismissing their claim against the Henbart Company and the Jacobs.[1]

---

[1]"We, F. A. GOSSE and FLORENCE GOSSE, his wife, hereby acknowledge payment to us in hand this day by G. HENBART Co., a Washington

On June 10, 1969, a stipulation for and order of dismissal was signed and filed in the action against the Henbart Company dismissing that case. Swedish Hospital then filed a motion for summary judgment contending the release, as a matter of law, also discharged the hospital from liability for expenses incurred as a result of the "bed sore" infection. This motion was supported by the affidavit of counsel for the hospital, to which was attached the pleadings in the Henbart case, as well as a copy of the release given to the Henbart Company by the Gosses. The trial court granted the motion for summary judgment, thereby dismissing the Gosses' action against Swedish Hospital.

█ Our state has been conservative in granting summary judgment where the issues involved inferences, drawn from admitted facts, to determine ultimate facts such as intent, knowledge, good faith, and negligence. *Preston v. Duncan,* 55 Wn.2d 678, 681, 349 P.2d 605 (1960); *Tait v. KING Broadcasting Co.,* 1 Wn. App. 250, 460 P.2d 307 (1969); Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington,* 45 Wash. L. Rev. 1 (1970).

---

corporation, and HENRY L. JACOBS and JANE DOE JACOBS, his wife, of the sum of Two THOUSAND AND No/100 ($2,000.00) DOLLARS in full settlement and satisfaction of a disputed claim arising out of personal injuries, known or unknown, sustained by us at the Gainsborough Apartment House Garage, 1111 Spring Street, Seattle, King County, Washington on or about the 5th day of December, 1964, by reason of Florence Gosse falling on the floor of said garage, for which personal injuries we have claimed the said G. HENBART Co., HENRY L. JACOBS and JANE DOE JACOBS, his wife to be legally liable, which liability is expressly denied by the G. HENBART Co. and HENRY L. JACOBS and JANE DOE JACOBS, his wife; and in consideration of said sum so paid, we have released and discharged and do hereby for ourselves, our heirs, representatives and assigns release and discharge the said G. HENBART Co., a Washington corporation, and HENRY L. JACOBS and JANE DOE JACOBS, his wife, of and from any and all claims, demands and causes of action which I may now or hereafter have or claim to have on account or arising out of said accident.

"IN WITNESS WHEREOF We have hereunto set our hands and seals this 2nd day of June, 1969.

s/ F. A. Gosse
s/ Florence Gosse

In the presence of:

s/ Doris E. Newberry"

As emphasized in *Preston,* the function of the summary judgment is to avoid a useless trial; however, a trial is not useless but absolutely necessary when there is a genuine issue as to any material fact.

■ The question of whether the release of an original wrongdoer (the Henbart Company and the Jacobs) should necessarily release the successive wrongdoer (Swedish Hospital) who negligently treated the injuries originally inflicted is answered by *DeNike v. Mowery,* 69 Wn.2d 357, 418 P.2d 1010 (1966). The rule there stated a successive wrongdoer should only be discharged from liability when the injured party has been compensated for the original injuries, as well as for those aggravated or initiated by medical treatment. The pivotal question is what the parties intended to be covered by the amount specified in the settlement.

The pleadings and answers to interrogatories which were before the court when it ruled upon the summary judgment reveal that Mrs. Gosse had medical expenses consisting of hospital charges, hospital equipment rental, doctor's bills, prescription costs, private nursing, ambulance charges, and other incidental medical expenses totaling at least $6,271.78. The settlement for $2,000 would seem to us to raise an issue of fact for the trier of the fact as to whether the initial release was intended to and did compensate the injured plaintiff for the alleged malpractice which accompanied treatment of the original injury. *DeNike v. Mowery, supra; Derby v. Prewitt,* 12 N.Y.2d 100, 236 N.Y.S.2d 953, 187 N.E.2d 556 (1962).

The language of the release we believe creates a question of fact as to the intent of the plaintiffs. The release was filed at a time when separate lawsuits existed against the Henbart Company as one defendant and Swedish Hospital as the other. The terms of the release, already heretofore set out, mention only the Henbart Company and the Jacobs and by its terms discharge only "G. HENBART Co., a Washington corporation, and HENRY L. JACOBS and JANE DOE

JACOBS, his wife, of and from any and all claims, demands and causes of action . . ."

Although the court in *DeNike* did not deem it necessary to overrule the line of cases following *Martin v. Cunningham*, 93 Wash. 517, 161 P. 355 (1916), it distinguished those cases on the basis of the existence of a clear expression of the intent of the parties. The court noted the settlement in *Martin* "was clearly made with a view to covering all possible elements of damages." In *Martin*, the plaintiff was injured during the course of his employment. The allegedly negligent medical treatment was supplied by a physician employed by the plaintiff's employer. In exchange for a "substantial sum" the plaintiff executed a release, discharging the employer from liability. This release made reference to the potential liability of the employer for damages relating to the original injury, as well as to the negligent medical treatment supplied by the physician.

In the instant case, the release differs dramatically from the all-inclusive language of the release in *Martin*.[2]

The status of Swedish Hospital as a successive tort-feasor who inflicted a separate injury or, alternatively, aggravated an existing injury is not important in the resolution of this case. As the court noted in *DeNike v. Mowery, supra* at 370:

> Frequently, it will be a question of fact as to whether the parties intended the release to be full compensation for the plaintiff's total injuries, including those aggravated or newly inflicted by negligent medical treatment.
> . . .

> . . .

> We conclude that the negligent physician should only be discharged from liability when the injured party has been compensated for the original injuries, as well as for

---

[2] "Martin and wife executed a release to the Great Northern Railway Company, which recited that it was in consideration of the payment of $8,000 for the above mentioned injury received on November 7, 1913, 'including all claims for loss of time and loss of services, support and society, and all claims for medical, surgical, nursing, hospital and other expenses, arising, or to arise, out of any and all personal injuries sustained by me at any time or place while in the employ of said railway company prior to the date of these presents.' The release

those aggravated *or initiated* by medical treatment. *The crucial question is what the parties intended to cover by the amount specified in the settlement.*

(Italics ours.) The sole issue for the trier of the fact to determine, regardless of whether Swedish Hospital became a successive tort-feasor by inflicting a separate injury or by aggravating an existing one, is whether the $2,000 received by the Gosses constituted or was intended to constitute full compensation for all of Mrs. Gosse's injuries.

■ A possible problem which could develop during the trial of this action is whether the parol evidence rule will prevent the Gosses from testifying with regard to their intention relating to the written release. The terms of the release do not mention Swedish Hospital and Swedish is not a party to the release. 4 A. Corbin, Contracts § 934 (1951) states:

> The refusal to let such third parties hide behind the parol evidence rule, when the documentary "release" was not in fact intended to discharge claims against them and does not on its face purport to express such an intention, is a thoroughly justified refusal.

The parol evidence rule applies only to parties to an instrument or those claiming under them and oral testimony is admissible in favor of or against third parties to the writing. *Vancouver Nat'l Bank v. Katz*, 142 Wash. 306, 312, 252 P. 934 (1927); *Couillard v. Charles T. Miller Hosp., Inc.*, 253 Minn. 418, 92 N.W.2d 96 (1958); Annot., 13 A.L.R.3d 313 (1967).

We find issues of fact to exist and the order of the trial court granting the motion for summary judgment is reversed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

---

further recited, under an addendum, that the $8,000 was 'in full settlement of any and all claims of every kind.'"