[No. 1109-1.    Division One—Panel 1.    February 29, 1972.]

DAVID HARGREAVES, *Appellant*, v. AMERICAN FLYERS AIRLINE CORPORATION *et al.*, *Defendants*, BOB'S BAGGAGE SERVICE, INC., *et al.*, *Respondents*.

*Lindell & Carr* and *J. Markham Marshall*, for appellant.

*Wolf, Hackett, Beecher & Hart* and *Martin L. Wolf*, for respondents.

FARRIS, A.C.J.—A single question is presented by this appeal: When is a covenant not to sue on an alleged tort claim to be interpreted as such in Washington?

Mr. Hargreaves was injured when he was struck by a moving propeller of a Lockheed Electra aircraft as he approached it for boarding. The question of the alleged negligence of the parties is not before the court. Lengthy settlement negotiations produced an offer of settlement from

American Flyers Airline Corporation, one of the defendants. Bob's Baggage Service, Inc., a second defendant, made no offer but indicated that a nuisance value offer of $1,500 might be made. All parties, through counsel, agreed that injuries to Mr. Hargreaves were substantial but liability was disputed.

A document entitled "Covenant Not To Sue" was executed between the plaintiff and American Flyers Airline Corporation, and the sum of $95,000 was accepted by the plaintiff. The trial court held that the covenant between Hargreaves and American Flyers Airline operated as a release of defendant Bob's Baggage Service and granted a summary judgment of dismissal to Bob's Baggage Service. Mr. Hargreaves appeals that dismissal to this court.

■ Covenants not to sue are recognized as valid in Washington. *See Mills v. Inter Island Tel. Co.*, 68 Wn.2d 820, 416 P.2d 115 (1966); *Haney v. Cheatham*, 8 Wn.2d 310, 111 P.2d 1003 (1941); *Abb v. Northern Pac. Ry.*, 28 Wash. 428, 68 P. 954 (1902). Here, the defendants could not agree upon the amount which each would contribute toward a settlement offer. Thus, as Mr. Hargreaves' counsel saw it, the situation was appropriate for a covenant not to sue.

> And this is the only way that I felt that I could protect my client from both ends, that is, to get him a guaranteed amount so he wouldn't have to take the minimal risk of going to that trial, and still give him an opportunity to collect a full and fair amount for his injuries, and get around this interdefendant squabble, . . .

The language used in the document was sufficient to accomplish this purpose.[1]

■ In holding that the covenant between American Flyers and Mr. Hargreaves operated effectively as a release of defendant Bob's Baggage Service, and therefore granting summary judgment for Bob's Baggage Service, the trial court was persuaded by *Mills*, 68 Wn.2d at 829, which held that:

---

[1]See the complete text of the "Covenant Not To Sue" appended to this opinion.

[T]he distinction between a covenant not to sue and a release will be preserved according to the intention of the parties, unless the document is operative as a release because (1) a reasonably compensatory consideration has been paid by a codefendant (2) for the alleged tort (3) to (for the benefit of) the party plaintiff who gives the covenant not to sue.

The trial court noted that the plaintiff had received $95,000 in compensation from a codefendant as a result of executing the covenant not to sue, so that requirements (2) and (3) of the *Mills* rule had been met. Thus, the trial court ruled that the only issue remaining was whether the plaintiff received a "reasonably compensatory consideration," and it deemed *Mills*, 68 Wn.2d at 830, to be determinative of this issue:

[A] release of one joint tort-feasor is a release of all joint tort-feasors regardless of the fact that the plaintiffs tried to include in the agreement a reservation of their causes of action against the other codefendants because the plaintiffs had each received a reasonably compensatory consideration for their tort claims, and the court was not willing to measure the amount of the settlement against what might be recovered in each instance if the questions of liability and damages were litigated.

The trial court interpreted this to mean that "where compensation has in fact been received by the plaintiff for the alleged injury, the court is not going to measure the amount of the recovery and it will be considered reasonably compensatory." Based on this view, the trial court granted summary judgment for defendant Bob's Baggage Service.

We disagree with this reading of the *Mills* decision. Whether the consideration is "reasonably compensatory" is a question of fact which must be resolved before the trial court can rule that an instrument which purports to be a covenant not to sue is in fact a release.

■ The resolution of whether an instrument is a release or a covenant not to sue turns on the intent of the parties who have executed the instrument. *See Gosse v.*

*Swedish Hosp.*, 4 Wn. App. 574, 483 P.2d 147 (1971). *See also Litts v. Pierce County*, 5 Wn. App. 531, 488 P.2d 785 (1971). Appellate courts have ignored the stated intent of the parties to the instrument if it is clear from the surrounding circumstances that the actual intent was other than as stated. *See Getzendaner v. United Pac. Ins. Co.*, 52 Wn.2d 61, 322 P.2d 1089 (1958); *Sideris v. Northwest Bonded Escrows, Inc.*, 51 Wn.2d 851, 322 P.2d 349 (1958); *Haney v. Cheatham, supra.*

■ A personal injury has no fixed value until that value is determined by a trier of fact. It necessarily follows that a determination of whether a "reasonably compensatory consideration has been paid by a codefendant" is also a factual determination. It cannot be decided as a matter of law in the absence of a fixed value for the claim.

The instrument here is a covenant not to sue unless:

(1) a reasonably compensatory consideration has been paid by a codefendant (2) for the alleged tort (3) to (for the benefit of) the party plaintiff who gives the covenant not to sue.

*Mills,* 68 Wn.2d at 829.

We therefore remand the cause to the trial court for a factual finding of whether the sum paid by the airline is "reasonably compensatory." Only if the sum received is not "reasonably compensatory" and the trier of fact determines that the defendants are liable, must they respond in damages.

The defendants who are not parties to the instrument may now proceed as if it had not been executed. Our ruling does not preclude any pretrial motions or other actions that are available to the parties. We merely hold that the document in question is a covenant not to sue unless the consideration was "reasonably compensatory" and that the granting of a summary judgment on that ground was error.

JAMES and SWANSON, JJ., concur.

512

APPENDIX

Covenant Not To Sue

THIS AGREEMENT made this 25th day of November, 1970, by and between DAVID A. HARGREAVES (hereinafter called "Hargreaves"), and AMERICAN FLYERS AIRLINE CORPORATION (hereinafter called "Airline"):

WITNESSETH

WHEREAS, Hargreaves has separate claims against Bob's Baggage Service, Inc., Robert A. Madkin and Jane Doe Madkin, his wife, (all hereinafter called "Madkin"), as a result of an accident wherein Hargreaves was severely and permanently injured; and,

WHEREAS, an action has been filed in the Superior Court of the State of Washington in and for the County of King, Cause No. 710908, against Madkin on the theory of negligence in performing its duties as the operator of aircraft ground services at Boeing Field International, and against the Airline for negligence in the operation of aircraft, to recover damages as full compensation for such injuries; and,

WHEREAS, Hargreaves and Airline wish to resolve the dispute between them by a covenant not to sue without releasing any claim Hargreaves may have against Airline; and,

WHEREAS, attorneys for Hargreaves have taken and do continue to take the position that the case has a minimum value of $145,000 and whereas the attorneys for the Airline believe the value to be in the area of $125,000 and further, that the attorneys for Madkin have expressed an opinion that the value was about $125,000 and,

WHEREAS, attorneys for Hargreaves and Airline are dismayed that Madkin will offer no sum whatsoever, but rather prefers to let Airline shoulder the whole financial burden of trial or settlement; and,

WHEREAS, the claims of Hargreaves against Airline and Madkin are for joint and several liability; and, said pleadings as they now stand will support judgment against either as separate defendants; and,

WHEREAS, Hargreaves and Airline agree that the sums to be paid hereunder are not compensatory for the damages sustained by Hargreaves, it appearing that the injuries sustained by him are of a severe and permanent nature, the value being at least $125,000.00.

WHEREAS, this Agreement is being made for the sole benefit of the parties hereto under the sound policy of law favoring and encouraging the settlement of litigation, which policy would be greatly impaired if one party Defendant assessing that its chances of having a judgment entered against it are less than similar chances of a codefendant wholly refuses to enter into meaningful settlement negotiations; and,

WHEREAS, the sums paid hereunder are for the purpose of avoidance by Airline and Hargreaves of the uncertainties, burdens and inconveniences of this litigation and the expenses attendant thereto; and,

WHEREAS, Hargreaves expressly reserves all rights of action, claims and demands against any and all other persons other than Airline; and,

WHEREAS, Hargreaves and Airline agree that this Agreement and covenant cannot be pleaded, proven or introduced as a defense to

defend any action brought by the covenantor Hargreaves, but rather that the covenantee Airline shall have as a remedy for breach hereof a separate action against the covenantor Hargreaves premised on the theory of breach of covenant; and,

IT IS HEREBY AGREED AS FOLLOWS:

In consideration of the payment of the sum of $95,000.00 to Hargreaves, receipt of which is hereby expressly acknowledged, Hargreaves does covenant and agree with Airline, and its successors and assigns, that Hargreaves will never by reason of any matter, cause or whatsoever heretofore occurring, institute suit or action, at law or otherwise, against Airline and/or its employees George M. Smith and Page Hendryx, or institute, prosecute or in any way aid in the prosecution of any claim, demand, action or cause of action for damages, costs, loss of service, expenses for compensation for or on account of any damages, loss of injury as to the person or property or both, whether developed or undeveloped resulting to or to result, known or unknown, which Hargreaves can, shall or may have against Airline, George M. Smith and Page Hendryx.

The undersigned expressly reserves all rights of action, claims and demands against any and all other persons other than herein named.

Subject to and in accordance with this agreement, Hargreaves agrees to voluntarily dismiss without prejudice the Defendant Airline as a party defendant in that certain cause of action now pending in the Superior Court of the State of Washington for King County, entitled:

said dismissal to be only as to Airline, reserving the right to further prosecute this action against the Defendant Madkin.

WITNESS our hands and seals this 25th day of November, 1970.

KARR, TUTTLE, KOCH, CAMPBELL, MAWER & MORROW

/s/ *F. Lee Campbell*
F. Lee Campbell
Attorneys for Defendant American Flyers Airline Corporation.

CLODFELTER, LINDELL & CARR

/s/ *J. Markham Marshall*
J. Markham Marshall
Attorneys for Plaintiff.