[No. 798-1.    Division One—Panel 1.    July 17, 1972.]

HANS L. CHRISTIANSON *et al.*, *Appellants*, v. FAYETTE R. PLUMB, INC., *Respondent.*

*William E. Kuhn* and *William B. Moore,* for appellants.

*Lee, Carney, Smart & Bever, Nelson T. Lee,* and *Milton C. Smith,* for respondent.

WILLIAMS, J.—In this action, relief was sought for Teddy V. Christianson, a minor, for injury which he sustained when a fragment of metal struck his eye during a school class in shop. Initially, the defendants were Fayette R. Plumb, Inc., as manufacturer of a hammer which Teddy

was using, Highline School District, as operator of the school which he was attending, and Mr. Inch, as supervisor of the class. Highline and Mr. Inch were dismissed without prejudice pursuant to a settlement agreement entitled "covenant not to sue." Plumb was then dismissed from the case by summary judgment on the theory that the release of one joint tort-feasor releases all. This appeal is from the judgment dismissing Plumb.

For the purpose of this review, the facts are these: Teddy was pounding a metal shovel with a hammer as a part of his class work. The hammer had been purchased by Highline for use in the class. Mr. Inch was the teacher. A metal bit fragmented from the face of the hammer and struck one of Teddy's eyes, putting it out. The sole question presented is whether the covenant not to sue,[1] by which Highline and Mr. Inch were dismissed from the case upon payment of $37,500, served to release Plumb from liability. We agree with the trial court that the covenant not to sue was, in fact, a release which effectively discharged Highline and Mr. Inch from further liability. We hold, however, that the same instrument did not release Plumb.

The reason for the common-law rule that release of one joint tort-feasor releases all is to preclude double recovery. Also, as stated in *Abb v. Northern Pac. Ry.*, 28 Wash. 428, 68 P. 954, 92 Am. St. R. 864, 58 L.R.A. 293 (1902) at 431:

> [i]t is, and has long been, a generally recognized rule that there is no line of separation between the liability of joint tort feasors. The tort is a thing integral and indivisible, and any claim for injuries arising therefrom runs through and embraces every part of the tort. The liability of one cannot be carried into any portion of the joint tort that is not followed by an equal liability of the other tort feasors. Each is liable for the whole, and the injured party may pursue one separately, or he may pursue all jointly, or any number jointly less than the whole number. This principle is discussed in *Doremus v. Root*, 23 Wash. 710 (63 Pac. 572, 54 L. R. A. 649), and *Birkel v. Chandler*, 26 Wash. 241 (66 Pac. 406).

---

[1]See the complete text of the covenant not to sue appended to this opinion.

In *Young v. Dille*, 127 Wash. 398, 404, 220 P. 782 (1923), joint tort-feasors are defined as follows: "To be joint tort feasors, the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury."

Although the joint tort-feasor release rule is simple, perplexing problems have arisen relative to the rule in recent years largely because of the reluctance of courts to apply it strictly. *Pellett v. Sonotone Corp.*, 26 Cal. 2d 705, 160 P.2d 783, 160 A.L.R. 863 (1945). In Washington, as elsewhere, the release of one joint tort-feasor as defined in *Young v. Dille, supra*, has not meant the release of the other tort-feasors in every instance. Furthermore, under certain circumstances—this case is an example—a covenant not to sue has been considered to be a release. *See Haney v. Cheatham*, 8 Wn.2d 310, 111 P.2d 1003 (1941); *Sideris v. Northwest Bonded Escrows, Inc.*, 51 Wn.2d 851, 322 P.2d 349 (1958); *Getzendaner v. United Pac. Ins. Co.*, 52 Wn.2d 61, 322 P.2d 1089 (1958); *DeNike v. Mowery*, 69 Wn.2d 357, 418 P.2d 1010 (1966); *White Pass Co. v. St. John*, 71 Wn.2d 156, 427 P.2d 398 (1967); *Gosse v. Swedish Hosp.*, 4 Wn. App. 574, 483 P.2d 147 (1971); *Litts v. Pierce County*, 5 Wn. App. 531, 488 P.2d 785 (1971).

It is unnecessary to discuss these cases and the reasons for them because we deem it advisable to modify the joint tort-feasor release rule to conform to Restatement of Torts § 885 (1939), which is:

(1) A valid release of one tortfeasor from liability for a harm, given by the injured person, discharges all others liable for the same harm, unless the parties to the release agree that the release shall not discharge the others and, if the release is embodied in a document, unless such agreement appears in the document.

(2) A covenant not to sue one tortfeasor for a harm does not discharge any other liable for the harm.

(3) Payments made by one tortfeasor on account of a harm for which he and another are each liable, diminish the amount of the claim against the other whether or not it was so agreed at the time of payment and whether the payment was made before or after judgment; the extent

of the diminution is the amount of the payment made, or a greater amount if so agreed between the payor and the injured person.

The basic principle of this Restatement rule is supported in *Mills v. Inter Island Tel. Co.,* 68 Wn.2d 820, 829, 416 P.2d 115 (1966), wherein the Supreme Court said:

> The correct rule adopted by this court is that the distinction between a covenant not to sue and a release will be preserved according to the intention of the parties, unless the document is operative as a release because (1) a reasonably compensatory consideration has been paid by a codefendant (2) for the alleged tort (3) to (for the benefit of) the party plaintiff who gives the covenant not to sue.

Even before *Mills,* the Supreme Court recognized that one wrongdoer should fully compensate the claimant for his injury before the court dismissed other wrongdoers from the case. *DeNike v. Mowery, supra.* The court adopted the opinion of *Derby v. Prewitt,* 12 N.Y.2d 100, 236 N.Y.S.2d 953, 187 N.E.2d 556 (1963), in *DeNike v. Mowery, supra* at 369: "that the decisive consideration is whether the settlement constituted, or was intended to constitute, full compensation for . . . injury and is a proper question for the trier of fact."[2]

The above-quoted rule of *Mills* was applied in *Hargreaves v. American Flyers Airline Corp.,* 6 Wn. App. 508, 494 P.2d 229 (1972). There, the injured party was hit by an airplane propeller and made claim against the airline which owned the airplane and a baggage company serving it. The trial court, *without evidence,* decided that the $95,000 paid by the airline was reasonably compensatory consideration and held that the covenant not to sue was a release, not only of the airline, but the baggage company as well. Division one, panel two of the Court of Appeals reversed, hold-

---

[2]*See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971), which holds that in a statutory cause of action created under federal law, the effect of a release of a joint tort-feasor is to be determined in accordance with the intention of the parties.

ing that what is reasonably compensatory consideration under the rule stated in *Mills* is a question of fact. The cause was therefore remanded for a factual finding on the issue of whether or not the amount paid by the airline was reasonably compensatory. The opinion is not clear as to whether the trial court was required to make a factual finding as to the validity of the release (was the amount paid therefor reasonably compensatory) before permitting the claimant to proceed with his action.

Restatement of Torts § 885, above quoted, provides that the claimant may proceed against those defendants who are not parties to the release-type document, but that any amount paid by defendants who have settled shall be deducted from any judgment. Plumb, in its motion for summary judgment, requested this procedure as an alternative in the event that judgment was entered against it; and this request should have been granted.

Although it is contended that the adoption of the Restatement rule would permit a claimant to divide the defendants and conquer, that result is not likely under our rules of joinder, CR 19-22. Nor does it seem reasonable that a claimant would go to the trouble and expense of multiple trials in the hope of getting a high verdict in one of them. Rather, it would appear that such a procedure would foster settlements and reduce litigation.

The summary judgment of dismissal of Plumb is reversed and the case remanded for further proceedings consistent with this opinion.

HOROWITZ, C.J., and CALLOW, J., concur.

Petition for rehearing denied October 5, 1972.

Review denied by Supreme Court November 24, 1972.

APPENDIX

Covenant Not to Sue

THIS AGREEMENT made this 9th day of April, 1970, by and between HANS L. CHRISTIANSON, individually, HANS L. CHRISTIANSON, Guardian *ad litem* of Teddy V. Christianson, an infant, and TEDDY V. CHRISTIANSON (all hereinafter called "Christianson"), and HIGHLINE SCHOOL DIS-

TRICT No. 401, a municipal corporation (hereinafter called "Highline"), and RICHARD INCH and JANE DOE INCH (hereinafter called "Inch"):

WITNESSETH:

WHEREAS, Christianson has separate claims against Fayette R. Plumb, Inc. (hereinafter called "Plumb"), Highline and Inch as a result of an accident wherein Teddy V. Christianson was severely and permanently injured; and,

WHEREAS, an action has been commenced in the Superior Court of the State of Washington in and for the County of King, Cause No. 703897, against Plumb, on theories of negligence in manufacture, breach of warranty and strict liability in tort, and against Highline and Inch on theories of negligent supervision and failure to provide adequate safety equipment, to recover damages as full compensation for such injuries; and,

WHEREAS, on the authority of *Mills v. Inter Island Telephone Co.*, 68 Wn.2d 820 (1966) and with the approval of the court, Christianson and Highline and Inch wish to resolve the dispute between them by a covenant not to sue and without releasing any claim Christianson may have against Highline and Inch and others who may have acted concurrently with Highline and Inch; and,

WHEREAS, Christianson, Highline and Inch agree that the sums to be paid hereunder are not compensatory for the damages sustained by Teddy V. Christianson, it appearing that the injuries sustained by him are of a severe and permanent nature, greater and more serious in degree than those injuries sustained by the plaintiff in *Hogenson v. Service Armament Co.*, 77 Wn. Dec.2d 209 (1969), wherein that plaintiff received $130,000.00 pursuant to a jury verdict, it being considered by Christianson and Highline and Inch that the present case has a potential value of that sum; and,

WHEREAS, it is further understood that the sums to be paid hereunder are not compensatory in that Christianson declined an offer tendered by Plumb, Highline and Inch in an amount greater than the sums to be paid hereunder, which offer was tendered prior to any knowledge of Plumb, Highline and Inch of psychiatric damages to Teddy V. Christianson, which have not come to light; and,

WHEREAS, there is no intent by Highline and Inch to benefit Plumb as a result of the covenants contained herein, but the sole intent is that this agreement should redound to their own benefit and that Plumb should not be a third party beneficiary hereof; and,

WHEREAS, this agreement is being made for the sole benefit of the parties hereto under the sound policy of the law favoring the settlement of litigation, which policy would be to some extent impaired if Plumb or any other party liable, or who may be claimed to be liable for the injuries sued upon, receives any benefit of any kind whatsoever by way of discharge of its liability, either in whole or in part; and,

WHEREAS, the sums paid hereunder are primarily for the purpose of avoidance by Highline and Inch of the uncertainties and inconveniences of this litigation and the expenses attendant thereto, and secondarily, as partial compensation for injuries and damages sustained by Teddy V.

Christianson with any allocation between the two to be determined by the court at the time of approval of this agreement; and,

WHEREAS, Christianson expressly reserves all rights of action, claims and demands against any and all other persons other than Highline and Inch; now therefore,

IT IS HEREBY AGREED AS FOLLOWS:

In consideration of the payment of the sum of $37,500.00 to Christianson, receipt of which is hereby expressly acknowledged, Christianson does covenant and agree with Highline and Inch, and their successors, assigns, agents and employees, that Christianson will never, by reason of any matter, cause or whatsoever heretofore occurring, institute suit or action, at law or otherwise, against Highline and Inch, and their successors, assigns, agents and employees, or institute, prosecute or in any way aid in the prosecution of any claim, demand, action or cause of action for damages, costs, loss of service, expenses for compensation for or on account of any damages, loss of injury as to the person or property or both, whether developed or undeveloped resulting to or to result, known or unknown, which Christianson can, shall or may have against Highline and Inch.

The undersigned expressly reserves all rights of action, claims and demands against any and all other persons other than herein named.

Subject to and in accordance with this agreement, Christianson agrees to dismiss that certain cause of action now pending in the Superior Court of the State of Washington for King County, entitled:

Hans L. Christianson and Hans L.
Christianson, Guardian *ad Litem*
for Teddy V. Christianson, an infant,
    *Plaintiff*,
      v.
Fayette R. Plumb, Inc., a corporation; Highline School District
No. 401, a municipal corporation;
Richard Inch and Jane Doe Inch, his wife,
    *Defendants*.

only as to Highline and Inch, without prejudice and agrees not to further prosecute as to Highline and Inch, reserving the right to further prosecute this action against the defendant, Plumb.

Christianson further agrees to indemnify and hold harmless Highline and Inch as to any claim which may be made against them by Christianson, or by any other person or persons as the result of the damages resulting from the accident set forth hereinabove.

WITNESS our hands and seals this 9th day of April, 1970.

        Uhlman, Callies & Flynn
         s/William E. Kuhn
          *Attorneys for Plaintiff*
         s/Hans L. Christianson
         Hans L. Christianson, Individually and as Guardian ad Litem
         of Teddy V. Christianson, an infant.

s/Ted Christianson
Teddy V. Christianson
Hullin, Roberts, Mines & Fite
s/Michael Mines
Michael Mines
*Attorneys for Defendants*
Highline School District No. 401
and Richard Inch and Jane Doe Inch
Highline School District No. 401
s/George Pasnish
s/Richard Inch
Richard Inch
s/Echo D. Inch
Jane Doe Inch